UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10728-RWZ

GROSSI DEVELOPMENT LLC and
THOMAS GROSSI

v.

TOWN OF REHOBOTH, *et al.*

ORDER

August 25, 2011

ZOBEL, D.J.

     Plaintiff Thomas Grossi, through his company and plaintiff Grossi Development LLC, proposed a low-income housing development in Rehoboth, Massachusetts, consisting of 44 single-family homes. Plaintiffs were unable to secure necessary permits from the Zoning Board of Appeals and the Conservation Commission. They now sue the Zoning Board, the Commission, 13 current and former members of the Commission, the Town of Rehoboth, and the town administrator, in a 102-count complaint brought under 42 U.S.C. § 1983 alleging that the denial of the permits violated constitutional guarantees of procedural and substantive due process and equal protection. Now pending is a motion to dismiss plaintiffs' amended complaint filed by all defendants save former Commission member Roger Breault.

**I.      Background**

So far as can be gleaned from the limited factual averments in the complaint, plaintiffs applied on April 27, 1999, to the Zoning Board of Appeals for a Mass. Gen. Laws "40B" comprehensive development permit.  Numerous public hearings were held at which, plaintiffs allege, they were denied an opportunity to be heard, and the permit application was denied on September 14, 1999.  Multiple appeals to the Housing Appeals Committee and the Massachusetts Superior Court followed.  These appeals were partially successful and some form of comprehensive permit issued.  In 2009 a different government body, the Conservation Commission, denied an "application for superseding conditions" which was required because the proposed housing development encroached on wetlands.  Plaintiffs allege that "various members of the Zoning Board of Appeals and other Town Officials" opposed the project "and made remarks such as '[W]e are not going to allow Rehoboth to become South Providence.'" Am. Compl. "Factual Allegations" ¶ 6, Docket # 17.  This statement by an unidentified individual at an unidentified time and place is, plaintiffs argue, a coded reference to race.

**II.     Analysis**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).  The facts must allow the court to draw a reasonable inference that defendants are liable for the alleged misconduct. Id.  A

simple recitation of elements, or statements of legal conclusion, will not suffice. Iqbal, 129 S. Ct. at 1949; see SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) ("If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal").

Plaintiffs assert that they were denied procedural due process before the Zoning Board which, in addition, acted in contravention of orders from the Housing Appeals Committee and the Massachusetts Superior Court. Procedural due process protections are triggered when there is a deprivation of a property interest; notice and a hearing are required and may be sufficiently provided for with post-deprivation process. See, e.g., SFW Arecibo, LTD. v. Rodriguez, 415 F.3d 135, 139 (1st Cir. 2005). Assuming that denials of the permit applications constituted a deprivation of a protected property interest, plaintiffs could, and in fact did, appeal those denials to the Housing Appeals Committee and the Massachusetts Superior Court, which constitutes constitutionally sufficient process and is an adequate post-deprivation remedy for any actions of the Zoning Board that may have contravened appellate orders issued by the Commonwealth. While the factual allegations concerning procedural due process and the Zoning Board are scarce and fail to state a claim, such allegations are entirely absent, and also therefore insufficient, in regards to the other defendants.

Plaintiffs next contend that the denials of a comprehensive permit by the Zoning Board and an application for superseding conditions by the Conservation Commission constituted violations of substantive due process. The constitutional right to

3

substantive due process protects against an abuse of government power that shocks the conscience. Id. at 141. Plaintiffs' sole non-conclusory allegation conceivably indicative of discriminatory intent, the all but unattributed remark that "[w]e are not going to allow Rehoboth to become South Providence," falls far short of plausibly suggesting the denial of the permit and application shocks the conscience. Further, there is nothing in the complaint, even given a generous reading, that suggests this remark could be attributed to the Conservation Commission and its members, or could give rise to municipal liability for the Town of Rehoboth.

Finally, a single conclusory paragraph asserts an equal protection violation because plaintiff was treated differently than two other "similar applications." As with the substantive due process claims, the complaint lacks adequate factual heft to support a plausible equal protection claim. See id. at 141-42.

### III. Conclusion

The motion to dismiss (Docket # 24) is ALLOWED.


    August 25, 2011                                       /s/Rya W. Zobel
        DATE                                                 RYA W. ZOBEL
                                                        UNITED STATES DISTRICT JUDGE